# CHARLESTON.

MARSHALL *et al* v. O'BRIEN *et al.*

Submitted February 25, 1914. Decided March 31, 1914.

ATTORNEY AND CLIENT—*Action for Compensation—Sufficiency of Evidence.*

> A case for jury determination upon conflicting evidence, and not requiring the statement of any new legal principle.

Error to Circuit Court, Hancock County.

Action by O. S. Marshall and another against William O'Brien and another. Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*Oliver S. Marshall* and *Henry M. Russell,* for plaintiffs in error.

*John R. Donehoo* and *G. L. Bambrick,* for defendants in error.

LYNCH, JUDGE:

O. S. Marshall and H. M. Russell unite as plaintiffs in an action of assumpsit against U. G. Marks and William O'Brien, to recover fees for services in an injunction suit involving an oil and gas lease and in an action of ejectment to determine the true boundary lines of a tract of land on which the defendants claimed to own another oil and gas lease. Marks,

O'Brien, Mahan and Mildren were defendants in the chancery suit, and Mahan, so far as otherwise appears, was the sole defendant in the action of ejectment. He claimed title to the lands within the boundary in dispute, on which Marks and O'Brien claimed an interest by virtue of the lease. It is for professional services in these proceedings that plaintiffs sue.

The sole question is whether the court properly entered judgment for defendants on the verdict in their favor; or, in another form, was the evidence such as to require a finding in favor of the plaintiffs?

The evidence is meager, inconclusive, and conflicting. The plaintiff Marshall and the defendants Marks and O'Brien are the only witnesses who testify as to the employment, and both of the latter contradict the former. Mr. Russell was not examined as a witness. His co-plaintiff testifies that both were employed by the defendants in the injunction and ejectment suits. But it does not definitely appear that either Marks or O'Brien was a party to the action of ejectment, although both were interested in sustaining the title of Mahan, who it seems was sole defendant, and who employed Marshall to defend him in the action; and, although Marks and O'Brien admit their interest in the result of the action, and their presence at the trial, and that they then conferred with Marshall, they deny that they employed him as counsel in either suit, and say they did not have or need the services of counsel in the action of ejectment, because it involved title to land not owned by either of them. O'Brien further testifies that Mahan, in his (O'Brien's) presence, employed Russell to assist Marshall in the proceeding by ejectment; and Marks, that he and O'Brien employed and paid Russell as their attorney in the injunction suit.

Mr. Mahan, the owner of the land involved in the action of ejectment, died before the trial in this action was had. But his son testified to the payment by himself and his father of counsel fees for the services of Marshall in several cases, including part of the bill rendered by the latter to O'Brien in the injunction and ejectment suits, which the proof tends to show was adjusted between O'Brien, Marshall and Rus-

sell in full satisfaction of the claims arising out of these litigations.

With this evidence before the jury, we can not say the verdict was so manifestly wrong as to justify any interference by this or the circuit court. We therefore affirm the judgment.

*Affirmed.*